FILED
COURT OF APPEALS
DIVISION II

2014 JAN 28 AM 9: 55

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43782-1-II |
| Respondent, | |
| v. | |
| TODD JAMES WIXON, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Todd James Wixon appeals his jury trial convictions for attempting to elude a pursuing police vehicle, driving under the influence of intoxicants, reckless driving, and resisting arrest. He argues that the trial court improperly admitted evidence of his prior offenses under ER 609 because his sentences for these offenses had expired more than 10 years earlier. Because Wixon failed to preserve this issue for appeal, we affirm.

## FACTS

On January 17, 2012, the State charged Wixon with attempting to elude a police vehicle,[1] driving under the influence of intoxicants,[2] reckless driving,[3] and resisting arrest.[4] Trial started in July 2012.

---

[1] RCW 46.61.024.

[2] Former RCW 46.61.502 (2011).

[3] Former RCW 46.61.500 (2011).

[4] RCW 9A.76.040.

No. 43782-1-II

Before Wixon testified, the State moved to admit evidence of several crimes of dishonesty for impeachment purposes under ER 609(a).[5] Wixon was convicted for these crimes and for first degree murder in 1979. He was sentenced to 5 years of confinement for each crime of dishonesty and to 26 years of confinement for the first degree murder conviction; the sentences ran concurrently; he was released from prison in 2005.

The State argued that the crimes of dishonesty were admissible under ER 609(a) and (b) because Wixon had been released from physical custody in 2005, less than 10 years before the trial. Wixon did not argue that the convictions were not admissible as impeachment evidence under the 10-year limitation in ER 609(b). Instead, he agreed that the 10-year limitation had not started to run until he was released from prison—but argued that despite this, the trial court could refuse to admit this evidence because it was unfairly prejudicial given the crimes themselves were so old.

The trial court ruled that the second degree possession of stolen property and the three taking a motor vehicle without permission convictions were admissible under ER 609. The court commented, "And they're not going -- they're not going to be questioning any kind of a stale date. And, of course, if that's brought up, that will be at the peril of the defense and [the State will] be able to bring out that it was tolled because he didn't get out of prison until 2005." 4 Report of Proceedings at 19.

The jury found Wixon guilty as charged. He appeals.

---

[5] These convictions were for one count of first degree possession of stolen property, two counts of second degree burglary, and three counts of taking a motor vehicle without permission.

2

No. 43782-1-II

ANALYSIS

Wixon contends that the trial court erred in admitting evidence of the four crimes of dishonesty. He argues that the trial court erred in considering his date of release from prison rather than the expiration of his sentences in determining when the 10-year tolling period in ER 609(b)[6] started.[7] We decline to address this issue because Wixon failed to preserve it.

Although Wixon asserts that he "objected" to the admission of the prior offenses, the record does not show that Wixon objected *on the grounds he now raises*. RAP 2.5(a) provides that we may refuse to address an alleged error that the appellant failed to raise in the trial court unless that error is a manifest constitutional error. Errors in admitting impeachment evidence under ER 609 are not of constitutional dimension. *See State v. Ray*, 116 Wn.2d 531, 546, 806 P.2d 1220 (1991) (admission of evidence under ER 609(a) is reviewed under the "nonconstitutional harmless error standard" and holding erroneous decisions under ER 609(a)

---

[6] ER 609(b) provides,

> **Time Limit**. Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

[7] Wixon also argues that (1) if the trial court erred in calculating the 10-year tolling period, the admission of the crimes of dishonesty was improper because these offenses were unfairly prejudicial because of their age; and (2) admission of these convictions was not harmless error. Because Wixon has failed to preserve his ER 609 argument, we do not address these issues.

are not of constitutional dimension). Also, Wixon's failure to raise this issue in the trial court precludes review under ER 103(a).[8] Thus, we decline to address this issue.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, C.J.

BJORGEN, J.

---

[8] ER 103(a) provides in part,
> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
> (1) *Objection.* In case the ruling is one admitting evidence, *a timely objection or motion to strike is made, stating the specific ground of objection,* if the specific ground was not apparent from the context.

(Emphasis added.)